**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JIMMIE N. BENDOLPH,  AIS #146660,** : | |
|     **Plaintiff,** : | |
| vs. : | **CIVIL ACTION 13-0154-WS-N** |
| **STATE OF ALABAMA, et al.,** : | |
|     **Defendants.** : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful review, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

**I. Complaint.**  (Doc. 6).

In plaintiff's brief complaint, he complains about his three convictions for unlawful distribution of a controlled substance rendered on August 24, 2010 in the Circuit Court of Mobile County, Alabama.  (Doc. 6 at 4).  Plaintiff claims that his "conviction was rendered by the use of inadmissible evidence, mistaken identity and the admission into evidence of a toxicology report that did not b[ea]r [his] name or any name that was a party to the charges [he] was arrested for." (Id.).  Subsequent to trial, plaintiff's Rule 32 petition was denied, and then his Rule 60(b) motion was denied and likewise denied by an appellate court stating that it was a non-appealable

matter.  (Id.).  Furthermore, in response to the complaint form's questions, plaintiff indicates that his convictions have not been invalidated.  (Id. at 6-7).

Plaintiff named as defendants the State of Alabama; Matthew Seymour, Deputy District Attorney; and R.P. Stout, Circuit Court Judge.  (Id. at 5).  Plaintiff's allegations against defendant Seymour are for providing "inadmissible evidence at trial which resulted in [his] conviction."  (Id.).  The facts supporting this claim, as offered by plaintiff, are the toxicology report's chain of custody was tainted, plaintiff's name did not appear on the evidence presented by the laboratory, plaintiff clearly was not in the photo of the drug sale shown at trial, and the "state names individual from booking photo after plaintiff [is] sentenced [sic]."  (Id.).  The claim against defendant Stout is for allowing inadmissible evidence into evidence at the trial, failing to rule on plaintiff's defense attorney's "motion notwithstanding the verdict," failing "to use judicial authority when photo/video [was] presented of someone" who was not the plaintiff, and denying motions "for relief [from] conviction[s]."  (Id. at 6).  The facts supporting these allegations offered by plaintiff are the transcript of the trial and photographs of plaintiff and the suspect made during the drug transaction.  (Id.).  For relief, plaintiff wants his sentence vacated and punitive damages.  (Id.).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 6) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1]  A claim is frivolous as a matter of law

---

[1]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under §

2

where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951.

---

1915(e)(2)(B). Id. at 1348-49.

**III. Discussion.**

    **A. State of Alabama.**

Plaintiff names as a defendant the State of Alabama. The State of Alabama and its "arms," however, are not "persons" for the purpose of an action under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). In order to state a claim under § 1983, a "person" acting under color of state law must be deprived plaintiff of a federal right. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Inasmuch as the State of Alabama is not a "person" for § 1983 purposes, plaintiff's claim against State of Alabama is frivolous as a matter of law.[2] Accordingly, it is recommended that the claims against State of Alabama be dismissed with prejudice as frivolous.

An alternate basis for dismissing the State of Alabama from this action is the Eleventh Amendment's sovereign immunity. The Eleventh Amendment "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a state's consent. Alabama v. Pugh, 438 U.S. 781, 781, 98 S.Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978) (ruling the Eleventh Amendment barred an action against the state). The two exceptions to a state's sovereign immunity are if the state has waived its immunity or Congress has abrogated the state's immunity. Virginia Office for Prot. and Advocacy v. Stewart, 131 S.Ct. 1632, 1637-38 (2011); Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990). Alabama, though, has not waived its Eleventh Amendment immunity. Pugh, 438 U.S. at 782, 98 S.Ct. at 3057-58 (finding Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its consent and therefore Alabama was entitled to Eleventh Amendment immunity); Lancaster v.

---

[2] The complaint contains no allegations directed to the State of Alabama.

Monroe Cnty., Ala., 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its Eleventh Amendment immunity).  Nor has Congress in §1983 abrogated a state's Eleventh Amendment immunity.  See Carr, 916 F.2d at 1525 (citing Quern v. Jordan, 440 U.S. 332, 345(1979)); Sessions v. Rusk State Hosp., 648 F.2d 1066, 1069 (5th Cir. June 26, 1981); see also Sossamon v. Texas, 131 S.Ct. 1651, 1658 (2011) (holding the test for determining whether a state has waived its sovereign immunity is a stringent one that requires the relevant statute to unequivocally express the state's consent to be sued).  For this alternate reason, the claims against the State of Alabama are due to be dismissed.

### B. Claims Against Judge Stout.

Plaintiff names Judge Stout, a state circuit court judge, as a defendant.  In a "1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978) (quotation omitted); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same).  A judge is entitled to this immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction.  Stump, 435 U.S. at 356, 98 S.Ct. at 1104.

Defendant Stout is described as having made unfavorable rulings at plaintiff's criminal trial or having failed to take certain actions during the trial, and then having denied plaintiff's post-conviction motions for relief.  As a circuit court judge, defendant Stout rules on motions and petitions, and conducts criminal trials.  The complained of actions are typical for a circuit court judge and they were clearly taken in plaintiff's criminal case that was before defendant Stout.  Thus, the first prong of the Stump immunity test requiring a judge to have acted in his judicial capacity is met.

The next prong of the Stump test inquires as to whether defendant Stout acted in the "clear absence of all jurisdiction." Simmons, 86 F.3d at 1085 (quoting Stump, 435 U.S. at 357). An Alabama circuit court judge has exclusive original jurisdiction over all felony prosecutions. ALA. CODE § 12-11-30(2) (1996). The crime of unlawful distribution of a controlled substance, for which plaintiff was convicted, is a Class B felony. ALA. CODE § 13A-12-211 (1987). A circuit court judge also rules on Rule 32 petitions and the matters related thereto. ALA.R.CRIM.P. 32.1, Committee Comments ("Postconviction petitions may be filed in the court of original conviction by any defendant who has been convicted of a criminal offense."); Jones v. State, 773 So.2d 507, 509 (Ala. Crim. App. 2000). Clearly, defendant Stout was acting within his jurisdiction as a circuit court judge with respect to the criminal proceedings related to plaintiff's convictions, including post-trial proceedings.

Because both prongs of the Stump test are satisfied, defendant Stout is entitled to absolute judicial immunity from plaintiff's damages claims. Accordingly, plaintiff's damages claims against defendant Stout are frivolous as a matter of law and are due to be dismissed.

**C.  Claims Against Assistant District Attorney Seymour.**

Plaintiff named Matthew Seymour, an assistant district attorney, as a defendant. Plaintiff alleges that defendant Seymour used "inadmissible evidence at trial which resulted in [his] conviction." However, a prosecutor is entitled to absolute prosecutorial immunity from damages in a §1983 action for performing his function as an advocate for the government. Buckley v. Fitzsimmons, 509 U.S. 259, 272-73, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993). He is protected with absolute immunity in order not to "impair the performance of a central actor in the judicial process." Malley v. Briggs, 475 U.S. 335, 343, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986). This immunity encompasses acts or omissions associated with the judicial process, in

6

particular, those taken in initiating a prosecution and in presenting the government's case.  See Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984).  Moreover, "[p]rosecutors are entitled to immunity for knowingly [offering] perjured testimony and fabricated exhibits at trial[.]"  Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279-80 (11th Cir. 2002).

In the action at hand, defendant Seymour's actions took place during plaintiff's criminal trial, while he was acting as an advocate for the State in the prosecution of the case against plaintiff.  Accordingly, defendant Seymour is due to be granted absolute immunity from damages, and the damages claims against him are due to be dismissed with prejudice as frivolous.  Imbler, 424 U.S. at 430-31, 96 S.Ct. at 995.

**D.  Request to Vacate Sentence.**

Plaintiff's request to have his sentences vacated in this § 1983 action (doc. 6 at 7), when considered with his challenges to his convictions, is a request for habeas corpus relief.  Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).  Habeas corpus has been determined to be "the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."  Id. (quoting Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994)).  Because plaintiff cannot obtain habeas relief in a § 1983 action, Heck, 512 U.S. at 481, 114 S.Ct. at 2369, his request to have his sentence vacated is frivolous as a matter of law and is due to be dismissed with prejudice.[3]

---

[3] In a footnote, the Abella court reasoned that when immunity is available to a defendant, it should be addressed before dismissal on grounds for lack of ripeness under Heck.  Abella, 63 F.3d at 1065 n.3.  The undersigned has proceeded in this manner, realizing that Heck provides an alternate basis for dismissal of this action's damages claims inasmuch as plaintiff's convictions and sentences have not be shown to have been invalidated and plaintiff has stated but for inadmissible evidence being admitted

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 25th day of July, 2013.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

into evidence, he would not have been convicted. See Heck, 512 U.S. at 486-87, 114 S.Ct. at 2364 (holding that " in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted) a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254").